UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JOSEPH MORAND,

Plaintiff,

v

OTAY MESA DETENTION CENTER,

Defendant.

_____

JOSEPH MORAND,

Plaintiff,

v.

UNITED STATES OF AMERICA, et al.,

Defendants.

Case Nos.:  21-CV-1742 TWR (MSB)
            22-CV-0101 TWR (MSB)

**ORDER:**

**(1) CONSOLIDATING ACTIONS,**

**(2) DENYING AS MOOT MOTION TO PROCEED *IN FORMA PAUPERIS*, AND**

**(3) DISMISSING CONSOLIDATED FIRST AMENDED COMPLAINT WITHOUT PREJUDICE PURSUANT TO 28 U.S.C. § 1915(e)(2)**

Joseph Morand ("Plaintiff" or "Morand"), incarcerated at the Otay Mesa Detention Center in San Diego, California, and proceeding pro se, has filed two related civil actions—the first pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and the second pursuant to 42 U.S.C. § 1983.  (*See Morand v. Otay Mesa Detention Center*, 21cv1742-TWR (MSB) (S.D. Cal.); *Morand v. United States*, 22cv0101-TWR (MSB) (S.D. Cal.).)  In both cases Morand claims his repeated requests

1

for hip surgery have been denied.  (*See Morand v. Otay Mesa Detention Center*, 21cv1742-TWR (MSB) (S.D. Cal.), Compl. filed 10/6/21 (ECF No. 1) at 2–5; *Morand v. United States*, 22cv0101-TWR (MSB) (S.D. Cal.), Compl. filed 1/21/22 (ECF No. 1) at 3–5.)

Plaintiff alleged in his first case that while detained at Otay Mesa Detention Center he was seen by an outside medical specialist in response to hip pain, who determined Plaintiff required hip surgery.  According to Plaintiff, Defendant Otay Mesa Detention Center Medical Department, which Plaintiff contended is an employee of Core Civic, a private corporation operating Otay Mesa Detention Center, refused or ignored his requests for surgery, pain medication, and a cane.  (*See Morand*, 21cv1742-TWR (MSB) (S.D. Cal.), Comp. filed 10/6/21 (ECF No. 1) at 2–5.)  The Court screened that Complaint pursuant to the provisions of 28 U.S.C. § 1915(e)(2), granted Plaintiff leave to proceed *in forma pauperis*, and dismissed the Complaint for failure to state a claim for relief with leave to amend.  (*See Morand*, 21cv1742-TWR (MSB) (S.D. Cal.), Order filed 1/6/22 (ECF No. 5) at 3–6.)  Specifically, the Court found Plaintiff could not proceed with his claims against Core Civic or its employees because *Bivens* liability does not extend to a private corporation or its employees operating a detention facility under contract with the federal government.  (*Id*. at 4–5.)  The Court notified Plaintiff that the only available cause of action in federal court for his claim was against the United States under the Federal Torts Claim Act ("FTCA"), but he failed to state such a claim because he did not name the United States as a Defendant and did not allege compliance with the FTCA's administrative exhaustion requirement.  (*Id*. at 5–6.)  Plaintiff was granted leave to amend in that action on or before April 6, 2022.  (*See Morand*, 21cv1742-TWR (MSB) (S.D. Cal.), Order filed 1/31/22 (ECF No. 8) at 1.)

On January 21, 2022, Plaintiff filed a new Complaint pursuant to 42 U.S.C. § 1983 naming the United States and Core Civic as Defendants with identical allegations that his need for hip surgery is being ignored.  (*See Morand v. United States*, 22cv0101-TWR (MSB) (S.D. Cal.), Compl. filed 1/21/22 (ECF No. 1) at 3–5.)  That Complaint was accompanied by a Motion to Proceed *in Forma Pauperis*.  (*Id*. (ECF No. 2).)

21-CV-1742 TWR (MSB)
22-CV-0101 TWR (MSB)

## I.      Consolidation Pursuant to Fed. R. Civ. P. 42

Federal Rule of Civil Procedure 42 provides for consolidation of actions in the Court's discretion when the cases "involve common questions of law or fact . . . ." *See* Fed. R. Civ. P. 42(a).  The Court finds that both Complaints involve common questions of law or fact.  In fact, they present identical claims of denial of medical care based on identical allegations, and it appears Plaintiff may have intended his new Complaint to be a First Amended Complaint in his first-filed action.

Accordingly, the Court **ORDERS** the two cases be consolidated for all purposes pursuant to Federal Rule of Civil Procedure 42(a)(2) under case number 21-CV-1742 TWR (MSB).  The Complaint filed in 22-CV-0101 TWR (MSB) will be construed as a First Amended Complaint ("FAC") in this consolidated action.  All future submissions should be filed only in case number 21-CV-1742 TWR (MSB).

Because the Court has ordered the actions consolidated, and the Court has previously found that Plaintiff is entitled to proceed *in forma pauperis* in 21-CV-1742 TWR (MSB), that status will apply to 22-CV-0101 TWR (MSB) as well, and the Motion to Proceed *In Forma Pauperis* in 22-CV-0101 TWR (MSB) is **DENIED** as moot.  *See, e.g.*, *Hill v. McGeffen*, No. 20cv1422-KJM-EFB P, 2020 WL 5797936, at *1 (E.D. Cal. Sept. 29, 2020) (denying as moot and unnecessary a motion to proceed in forma pauperis in a case consolidated pursuant to Federal Rule of Civil Procedure 42(a)).

## II.      Screening pursuant to 28 U.S.C. § 1915(e)(2)

### A.      Standard of Review

A complaint filed by any person proceeding *in forma pauperis* is subject to sua sponte dismissal if it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief."  28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.")

/ / /

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under Section 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires a complaint "to contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*, citing *Twombly*, 550 U.S. at 555. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the possibility of misconduct, the complaint has alleged - but it has not 'show(n)' - 'that the pleader is entitled to relief.'" *Id*., quoting Fed. R. Civ. P. 8(a)(2). The court has an obligation "where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985), but it may not in so doing "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

### B.    Factual Allegations in the Consolidated First Amended Complaint

Plaintiff alleges that in March 2020, while incarcerated at the Otay Mesa Detention Center, he fell due to a slippery floor, which had no wet floor sign. (FAC at 5.) He was sent to a specialist in April 2020, who told him he needed hip replacement surgery. (*Id*.) In May 2020, he went to the medical department at the Otay Mesa Detention Center and complained that his hip was painful and he was having difficulty walking. (*Id*.) Plaintiff

states that: "I have been trying to get into surgery since then but both the medical department and Core Civic staff has stated 'they won't [can't] do anything.'" (*Id*.) He states that he "has sent many grievance[s]" without obtaining any relief. (*Id*.) He further states that:

> Since May 2020 I have been requesting surgery on my hip. I have seen a outside specialist and was told by them that it was needed. I have sent many different request[s] in to get the surgery, but have been given the run-around. The medical department has said the Marshalls won't approve it, then the Marshalls have said they have never got any request. I can not stand with a cane anymore, I am in a wheelchair every day, my leg is turning purple as it is. I can not sleep because of the pain and suffering that I am going through. [¶] I am asking the court to help force someone on some kind of level to get me the hip replacement surgery I need.

(*Id*.)

The First Amended Complaint presents claims for medical malpractice and negligence against Defendants United States and Core Civic. (*Id*. at 2.)

**C.    Analysis**

Plaintiff has checked the box on the First Amended Complaint form indicating this action is brought pursuant to 42 U.S.C § 1983, yet it names as the sole Defendants the United States and Core Civic. (ECF No. 1 at 2–3.) "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012). Plaintiff states that he is a "convicted and sentenced federal prisoner" who is incarcerated at a federal detention facility. (FAC at 4.) Accordingly, this action cannot be brought pursuant to 42 U.S.C § 1983 because Plaintiff has not named a Defendant who is alleged to have acted under the color of state law. *See Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991) ("Actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*.").

/ / /

5

21-CV-1742 TWR (MSB)
22-CV-0101 TWR (MSB)

The only Defendants named in this action are the United States and Core Civic, a private corporation formally known as Correctional Corporation of America, operating the Otay Mesa Detention Center under a contract with the federal government.  Plaintiff may not assert a *Bivens* claim against the United States.  *FDIC v. Meyer*, 510 U.S. 471, 485–86 (1994).  Neither can Plaintiff state a *Bivens* claims against Defendant Core Civic or its employees for medical malpractice or for deliberate indifference to his serious medical needs under the Eighth Amendment.  *See Correctional Services Corp. v. Malesko*, 534 U.S. 61, 66–74 (2001) (*Bivens* liability does not extend to a private corporation operating a facility under contract with the federal government or its employees); *Minneci v. Pollard*, 565 U.S. 118, 131 (2012) ("[W]here, as here, a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law (such as the conduct involving improper medical care at issue here), the prisoner must seek a remedy under state tort law.  We cannot imply a *Bivens* remedy in such a case."); *see Karboau v. Clark*, 577 Fed. Appx. 678, 679 (9th Cir. 2014) (applying *Minneci* and affirming dismissal of Eighth Amendment *Bivens* claims against individual employees of private corporation operating a federal immigration detention facility because the exclusive remedy lies under state tort law).

The Court informed Plaintiff in its prior Order of dismissal that he was unable to bring his claims under 42 U.S.C. § 1983 or *Bivens*, but that a remedy under the FTCA might be available.  (ECF No. 5 at 4–6.)  Plaintiff was instructed that he could file a FTCA action with the option of seeking to join Core Civic as a defendant and then requesting that the Court exercise supplemental jurisdiction over state tort medical malpractice and negligence claims against Core Civic.  (*Id.* at 5, citing *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004) (detainee in federal detention facility run by private corporation could not bring *Bivens* action against corporation or its employees but could have brought a FTCA suit with the option of joining the private corporation as a

21-CV-1742 TWR (MSB)
22-CV-0101 TWR (MSB)

defendant and requesting the district court to exercise supplemental jurisdiction over his state tort claims); *Malesko*, 534 U.S. at 66; 28 U.S.C. § 1346(b)(1) (stating that district courts shall have jurisdiction over civil actions against the United States for "personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."))

Plaintiff does not indicate in the First Amended Complaint that he is seeking to bring this action under the FTCA, although there is no box to check on the complaint form he used to indicate a cause of action under the FTCA, only for *Bivens* and 42 U.S.C § 1983. (FAC at 3.)  Nevertheless, to the extent Plaintiff intended to bring a FTCA claim in the First Amended Complaint, he has failed to state a claim because, although Plaintiff alleges he has exhausted detention center administrative remedies by filing inmate grievances (*see* FAC at 5, 7–8), he does not allege compliance with the FTCA's administrative claim exhaustion requirement. *See Gillespie v. Civiletti*, 629 F.2d 637, 640 (9th Cir. 1980) ("The timely filing of an administrative claim is a jurisdictional prerequisite to the bringing of a suit under the FTCA, and, as such, should be affirmatively alleged in the complaint.").

Accordingly, the Court sua sponte dismisses the First Amended Complaint because as currently drafted it fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Watison*, 668 F.3d at 1112.  With respect to Plaintiff's state law claims for medical malpractice and negligence, the Court may "decline to exercise supplemental jurisdiction" over any supplemental state law claim if it "has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c); *Sanford v. Member Works, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.")

/ / /

21-CV-1742 TWR (MSB)
22-CV-0101 TWR (MSB)

Because the Court has dismissed all of Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over any state law claims at this time.

### D.      Leave to Amend

In light of Plaintiff's pro se status, the Court grants him leave to amend to attempt to sufficiently allege compliance with the FTCA's administrative claim exhaustion requirement. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'"), quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

## III.     Conclusion and Order

Good cause appearing, the Court:

1.      **CONSOLIDATES** for all purposes pursuant to Federal Rule of Civil Procedure 42(a)(2) So.Dist.Ca Case Number 21-CV-1742 TWR (MSB) with So.Dist.Ca Case Number 22-CV-0101 TWR (MSB). All future submissions will be filed only in So.Dist.Ca Case Number 21-CV-1742 TWR (MSB).

2.      **DENIES** as moot Plaintiff's Motion to Proceed *In Forma Pauperis* (ECF No. 2) in So.Dist.Ca Case Number 22-CV-0101 TWR (MSB).

3.      **DISMISSES** Plaintiff's consolidated First Amended Complaint (ECF No. 1 in So.Dist.Ca Case Number 22-CV-0101 TWR (MSB)), for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

4.      **GRANTS** Plaintiff forty-five (45) days leave from the date of the electronic docketing of this Order in which to file a Second Amended Complaint which cures the deficiencies of pleading noted in this Order. Plaintiff's Second Amended Complaint must be complete by itself without reference to any prior complaint; Defendants not named and any claims not re-alleged in the Second Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with

leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.") If Plaintiff fails to amend within the time provided, the Court will enter a final Order dismissing this civil action. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated: March 29, 2022

Honorable Todd W. Robinson
United States District Judge

21-CV-1742 TWR (MSB)
22-CV-0101 TWR (MSB)